## CIRCUIT COURT OF ORANGE COUNTY

Brian Brendle

 v.

Jessica Brendle

June 29, 2007

Case No. CL06000247-00

BY JUDGE DANIEL R. BOUTON

The court has now had an opportunity to evaluate all of the evidence that was introduced at the *pendente lite* hearing for the above referenced case. The court has also given full consideration to the written arguments that were submitted by counsel. The disputed issues are addressed below in this letter opinion.

### *General Relief*

Pursuant to Va. Code § 20-103, the court has the authority to make appropriate orders regarding support, custody, use of the family residence, health care coverage, and the preservation of the marital estate. The court has considered all of the evidence that is relevant to the relief requested by the parties. The court sets forth below the rulings that are appropriate at this stage of the case.

The current living arrangements of the parties are reasonably satisfactory and meet their respective needs. Therefore, the court finds that Ms. Brendle should be awarded temporary possession of the marital residence. She will be responsible for maintaining the residence in good condition, reasonable wear and tear excepted. The court will retain its discretion to make

any further orders that might be needed to preserve this asset. Should the parties fail to cooperate with one another in this important endeavor, the court will not hesitate to intervene. Mr. Brendle shall pay the mortgage on the residence and shall be responsible for the equity line of credit. He shall continue to provide health insurance through his employment. Ms. Brendle will pay the electric bill, the water bill, and the telephone bill associated with the house. Both parties will be prohibited from engaging in any waste of marital assets.

## Spousal Support

The court has fully considered and applied all of the statutory factors that pertain to an award of *pendente lite* spousal support. In this regard, it should be noted that the mother has the ability to earn a reasonable amount of income, along with the opportunity for regular employment. Moreover, in light of the *pendente lite* custody arrangements ordered by the court, she has ample time to work. Furthermore, she has been awarded temporary possession of the marital residence and Mr. Brendle has been ordered by the court to pay the mortgage. Based on all of the circumstances before the court at this time, the motion for spousal support will be denied.

## Child Support

The court has considered all of the evidence relevant to this issue. The court has also studied the guidelines worksheets that have been submitted with the written arguments. With one exception, the court finds persuasive the evidence and the arguments that support an award of child support based on the shared custody support guidelines worksheet labeled as Exhibit 1B of Mr. Brendle's written arguments. The exception pertains to the spousal support of $124.00 set forth on the exhibit. Based on the court's denial of the motion for spousal support at this time, this figure should be eliminated. The remaining figures should be used to recalculate the amount of support that will be awarded to Ms. Brendle. The order of support should set forth the information required by Va. Code § 20-60.3.

## Attorney's Fees

The court has considered all of the factors that apply to whether either party is entitled to an award of fees. The court finds that no award will be made to either party at this stage of the proceedings.

## Discovery Issues

The interrogatories that have been propounded consist of thirty numbered questions. However, each separate question actually contains multiple inquiries. Read as a whole, the interrogatories far exceed the thirty simple questions permitted by Rule 4:8(g).

It is my view that, when the number of interrogatories propounded violates the number permitted by the rule, no response by the opposing party is required. This eliminates the difficult problem of determining which thirty questions should be answered. Under these circumstances, the appropriate course of action for Mr. Brendle is to propound interrogatories that do not exceed the simple thirty questions permitted by the rule. Alternatively, he may request leave to file more than the maximum number that is allowed. Nevertheless, it should be noted that moving for leave to propound more than thirty interrogatories by no means guarantees that such a request will be granted. The rule permits the number to be increased only with "leave of court for good cause shown."

In contrast to the rule that governs interrogatories, Rule 4:11 does not limit a Request for Admissions to thirty items. However, the court has the discretion to limit discovery under the provisions of Rule 4:1. Specifically, the court may curtail discovery under 4:1(b)(1)(i) if "the discovery sought is unreasonably cumulative or duplicative." Similarly, the court may act under 4:1(b)(1)(iii) if the discovery sought is "unduly burdensome or expensive, taking into account the needs of the case . . . limitations on the parties' resources and the importance of the issues at stake in the litigation."

Here, the court finds that the Request for Admissions is unduly burdensome and that responding would result in unnecessary expense. On this point, the court has already conducted a *pendente lite* hearing. The evidence at the hearing revealed a substantial amount of information regarding the financial circumstances of each party. It is clear that they have limited income and little in the way of assets other than the marital home. Therefore, any discovery that is propounded at this point should be limited in scope. Should evidence be developed that justifies more extensive discovery, the court will not hesitate to exercise its discretion to permit it.

With regard to the Request for the Production of Documents, the same reasoning that the court has cited in connection with the Request for Admissions would apply to the documents that are being sought. In light of the evidence that was developed at the recent *pendente lite* hearing, the request as propounded is burdensome and would result in unnecessary expense.

As a result of the above, the motion to compel will be denied. Should discovery be requested by either side at this point, it should be short, concise, and consistent with the court's analysis of the status of the case. In this context, however, the court must also stress that any proper discovery request must be met with a prompt and complete response.